UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KING SANDI AMIR EL,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 16-6545 |
| DEPARTMENT OF HEALTH<br>AND HOSPITALS, STATE OF<br>LOUISIANA<br>    Defendant | SECTION: "E" |

### ORDER AND REASONS

Before the Court is an amended motion to dismiss, filed by Defendant, Louisiana Department of Health ("LDH"),[1] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiff, King Sandi Amir El, did not file an opposition to Defendant's motion.

### BACKGROUND

On May 5, 2016, Plaintiff filed his initial complaint *pro se* against the LDH.[3] On June 24, 2016, the LDH filed its Motion to Dismiss and, Alternatively, Motion for a More Definitive Statement.[4] Plaintiff sought leave of court to file an amended complaint, which he was granted on August 11, 2016.[5] On October 11, 2016, the Defendant filed its Amended Motion to Dismiss.[6] Plaintiff did not file an opposition to the Defendant's motion to dismiss.

In his amended complaint, Plaintiff, King Sandi Amir El, alleges that since December 18, 2015, he has requested the Defendant make corrections to his birth

---

[1] Pursuant to legislation passed by the Louisiana Legislature in its 2016 regular session, the Louisiana Department of Health and Hospitals is now known as the Louisiana Department of Health.
[2] R. Doc. 14.
[3] R. Doc. 1.
[4] R. Doc. 5.
[5] R. Doc. 9.
[6] R. Doc. 14.

certificate.[7] Plaintiff appears to seek an injunction or an order requiring the Defendant to issue him an amended birth certificate with requested changes to his name, race, and nationality.[8] The Defendant argues the Plaintiff's claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[9]

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[10] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[11] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[12] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[13] "When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[14]

---

[7] R. Doc. 10, at 9.
[8] *See* R. Doc. 10. Plaintiff requests his name be changed to King Sandi Amir El, "without any Better Known As (B.k.a.) or Also Known As (A.k.a.)," that his "race is Asiatic," and that his nationality is "Moorish American." *Id.* at 11-12.
[9] R. Doc. 14. Defendant also states it "has processed Plaintiff's birth certificate amendment request and, in compliance with La. R.S. 40:34(D) and the name change judgment, provided Plaintiff with an amended birth certificate reflecting the requested name change." R. Doc. 14-1, at 2.
[10] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[11] *See* Fed. R. Civ. P. 12(b)(1).
[12] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[13] *In re FEMA*, 668 F.3d at 287.
[14] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015).

## ANALYSIS

The Court begins by noting its cognizance of Plaintiff's *pro se* status. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'"[15] "Despite [the] general willingness to construe pro se filings liberally, [the courts] still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'"[16] Among other requirements, Plaintiffs proceeding *pro se* "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, [and] obey discovery orders."[17] With this maxim in mind, the Court granted the Plaintiff's request for leave to file an amended complaint.[18]

Even construing the amended complaint liberally, it is clear this Court lacks jurisdiction over Plaintiff's complaint. The Eleventh Amendment serves as a jurisdictional bar depriving federal courts of the jurisdiction to adjudicate claims against a state.[19] Both federal and state law claims are barred from being asserted against a state in a federal court.[20] "Though the language of the Eleventh Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has consistently held that an unconsenting State is immune from suits brought in federal court by her own citizens as well as citizens of other states."[21] Furthermore, the Eleventh Amendment "extends to actions against state agencies or entities that are classified as 'arms of the state.'"[22] "When

---

[15] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).
[16] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (internal quotation marks omitted)).
[17] *Id.* (citations omitted).
[18] R. Doc. 9.
[19] *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011).
[20] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-21 (1984).
[21] *Id.* (internal quotation marks omitted) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)).
[22] *Id.* (citing *Regents of the Univ. of Ca. v. John Doe*, 519 U.S. 425, 429 (1997); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)).

a state agency is named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity."[23] This rule applies to state agencies such as the Louisiana Department of Health.[24]

The State of Louisiana has not waived its sovereign immunity under the Eleventh Amendment such that it has consented to be sued in federal court. In fact, Louisiana explicitly maintains its sovereign immunity by statute.[25] As a result, because Plaintiff's suit is barred by Eleventh Amendment sovereign immunity, his claim must be dismissed.[26]

## LEAVE TO AMEND

The Court should "freely give" leave to amend "when justice so requires."[27] Ordinarily, "a court should grant a pro se party every reasonable opportunity to amend."[28] "When it is apparent, however, that amendment will be futile, dismissal without leave to amend is appropriate."[29] The Plaintiff has already been granted leave to file an amended complaint following the filing of Defendant's first motion to dismiss.[30] In its first motion

---

[23] *Valdery*, 2015 WL 5307390, at *1 (citing *Cozzo v. Tangipahoa Parish Counsel-President Gov't*, 279 F.3d 273, 280-81 (5th

[24] *See Advocacy Ctr. for Elderly & Disabled v. Louisiana Dep't of Health & Hosps.*, 731 F. Supp. 2d 583, 589 n.20 (E.D. La. 2010) ("The Fifth Circuit has determined that the Department of Health and Hospital's predecessor was an alter ego of the State of Louisiana, and was thus entitled to sovereign immunity." (citing *Darlak v. Bobear*, 814 F.2d 1055, 1060 (5th Cir. 1987)). As previously explained, pursuant to legislation passed by the Louisiana Legislature in its 2016 regular session, the Louisiana Department of Health and Hospitals is now known as the Louisiana Department of Health.

[25] LA. REV. STAT. § 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."). *See also Citrano v. Allen Correctional Ctr.*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("The State of Louisiana has waived sovereign immunity in tort contract suits but it has not waived its immunity under the Eleventh Amendment from suit in federal court.").

[26] As this Court does not have jurisdiction to hear this case, the Court need not, and cannot, address the Defendant's 12(b)(6) claims. *See Valdery*, 2015 WL 5307390, at *2.

[27] Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).

[28] *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (quoting *Pena v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1988)).

[29] *Valdery*, 2015 WL 5307390, at *2 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

[30] R. Doc. 9.

to dismiss, the Defendant raises the same issues regarding the Court's lack of subject matter jurisdiction pursuant to the Eleventh Amendment and the Plaintiff has failed to address these concerns in his amended complaint. As is such, the Court finds it is apparent from the record in this case that allowing further amendment will be futile. Accordingly, leave to file a second amended complaint is not warranted.[31]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Defendant's 12(b)(1) motion to dismiss[32] is **GRANTED**. As such, the Plaintiff's claims asserted against the Louisiana Department of Health is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 1st day of December, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] The Plaintiff did not request leave to file a second amended complaint and has not responded to the Defendant's amended motion to dismiss.
[32] R. Doc. 14.